August Krause, Appellant, *v.* Fayette R. Plumb.

*Negligence—Master and servant—Contributory negligence.*

In an action by an employee against his employer to recover damages for personal injuries, a verdict and judgment for the defendant will not be reversed where the plaintiff alleges that the person placed in charge of the work at which he was injured was inexperienced and unskilful, but the evidence tends to show that the superintendent of such work required no special skill, and where there is also evidence that the plaintiff participated in the work against the protest and direction of the party authorized by the defendant to superintend it.

Argued Jan. 22, 1900.   Appeal, No. 347, Jan. T., 1899, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1896, No. 539, on verdict for defendant.   Before McCOLLUM, MITCHELL, FELL, BROWN and MESTREZAT, JJ.   Affirmed.

Trespass for personal injuries.   Before BREGY, J.

At the trial it appeared that plaintiff was employed to heat iron and steel in defendant's shop. On November 2, 1895, while defendant was employed with others in moving a large wheel he was injured by the wheel falling upon him. Defendant alleged that the man who had been placed in charge of the work, a Mr. Sickel, was inexperienced and unskilful, and that the accident was caused by his incompetency. There was evidence that Sickel had ordered the plaintiff to leave the place where he was injured, and that the plaintiff had disobeyed the order.

The court charged in part as follows:

[It is claimed by the plaintiff that the first thing he did that was wrong was to put a wrong man in charge of the job of moving that wheel. That appears to be the only thing that Mr. Plumb, or Mr. Plumb's superintendent, did. It is claimed that was, of itself, sufficient to make Mr. Plumb responsible for the injury that happened. That argument is made to you on this theory: that Mr. Wentzheimer was the superintendent. There is no doubt about that. He was next to the head; he was practically the establishment, for the purpose of this case; he was in the place of Mr. Plumb.

The claim of the plaintiff is—and do not understand me as saying it is true, because we will discuss that hereafter—that Mr. Wentzheimer told Mr. Sickel to take charge of the moving of that wheel; that Mr. Sickel was an incompetent man; that, by reason of his incompetence, he ordered things done, or things used, which caused the injury to Mr. Krause, and that Mr. Plumb, being responsible for what Mr. Wentzheimer did, is responsible for the consequences. To put it another way, so there will be no misunderstanding of the claim of the plaintiff—and, understand, I am simply stating this now as the claim of the plaintiff, the accuracy of which we will discuss later—the claim of the plaintiff is that if Mr. Wentzheimer had sent a competent man to "boss this job," if I may use the expression, to take care of this piece of work, this accident would not have happened. That is the theory on which Mr. Plumb is attempted to be held, and it is the only theory on which any recovery can be had, if any can be had at all. That theory is met by two propositions. The first, which if believed demolishes it, is

that Mr. Wentzheimer never ordered the incompetent who they say had charge of it, to wit: Mr. Sickel, to take charge of the work at all, and the second is, that this was not the kind of a job that required any particular skill, but all that was needed was common sense, and that any man with common sense could roll a wheel. If that is so there was no necessity to have skilled workmen to do ordinary work. If an employer tells a man in his employ to raise a window and it turns out that through his ignorance the employee falls out through the window, I suppose nobody would say the employer ought to have sent a skilled workman to raise the window. That would not require any skill. The first question is, therefore, as to whether Mr. Wentzheimer put Mr. Sickel in charge of that work, or whether he put anybody in charge of that work. The second question is, even if you believe that the man he put in charge of it was not a competent man—that is, a man who had no special skill or experience in the doing of that kind of work—was it necessary to have special skill or experience? In other words, to put it in another way, and one which you will probably understand better, was this falling over of the wheel a result of carelessness of somebody who knew better but lost his head at the time, or was it the result of lack of experience in that kind of business?] [1]

If you believe it was the result of lack of experience, if you believe there ought to have been an experienced person in charge of this work, and Mr. Plumb's superintendent put somebody in charge who had not had any experience, and the want of that experience was the cause of the injury, then Mr. Plumb would be negligent, and, if you believe the plaintiff was free from contributory negligence, Mr. Plumb would be responsible for the injury. . . .

Now then, trying to be absolutely impartial and cold blooded about it, as we really ought to be, let us take up the question of whether this man Krause was on that side of the wheel by orders, or was he there against orders. He says he was there because he was ordered to go there by Mr. Sickel. You have heard the testimony of the witness he called, Mr. Boileau. He said the same thing; that he was told to be there. Here the testimony ends, as far as I remember—I mean on the part of the plaintiff. If I am wrong, I want counsel to correct me. I

have looked over the notes and I fail to find anybody else who testifies that way. Mr. Smuda, one of the plaintiff's witnesses, said it was so long ago that he remembered very little about the details. Therefore, Mr. Krause and Mr. Boileau swear that Mr. Sickel ordered Krause to go around on what I may call the outside of the wheel. Mr. Sickel says he did not order him to go there and you have heard some other witnesses, whose names I do not recall at present, say that Mr. Sickel did not order him to go there, but on the contrary he was told to keep away, to get out, to come away from around there. I think some of the witnesses say even Mr. Boileau told him to get away from there. . . .

Plaintiff's points and the answers thereto among others were as follows :

3. If the jury believe that the men who were ordered by the general superintendent to do a dangerous piece of work like this were incompetent and inexperienced, and had never done this kind of work before, and that in consequence thereof the accident happened to plaintiff, the defendant is liable and their verdict should be for the plaintiff. *Answer :* Declined. [2]

4. If the jury believe that the danger of this wheel toppling over in moving it was well known by the superintendent, and that with proper care and appliances such an accident could not happen, the fact that it did happen raises the presumption of negligence or incompetence in the superintendent, and in either case their verdict should be for the plaintiff. *Answer :* Declined. [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*William M. Boileau* and *Lewis Stover*, for appellant, cited on the question of defendant's negligence : Smith v. Oil City Tube Co., 183 Pa. 485 ; Huntsinger v. Trexler, 181 Pa. 497 ; Lebbering v. Struthers, Wells & Co., 157 Pa. 312 ; Vanesse v. Catsburg Coal Co., 159 Pa. 403 ; Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497 ; Crowley v. Cutting, 165 Mass. 436. On the question of fellow-servant : Baird v. Pettit, 70 Pa. 477 ; Mullan v. Phila. Mail Steamship Co., 78 Pa. 25 ; Allison Mfg. Co. v. McCormick, 118 Pa. 519 ; Ross v. Walker, 139 Pa. 42 ; Johnson v. Bruner, 61 Pa. 58.

*Silas W. Pettit,* of *Read & Pettit,* for appellee, cited Ross v. Walker, 139 Pa. 42.

PER CURIAM, February 26, 1900:

The plaintiff complains of the charge to the jury, but we think he has no reasonable cause for doing so. It was not remarkably concise but it was voluminous and comprehensive. It directed the attention of the jury to every conceivable phase of the case. It informed them that if the negligence of plaintiff contributed to the injury he received he could not recover, but if the defendant's negligence was the sole cause of the injury the plaintiff would be entitled to such damages as were the obvious and reasonable consequence of it. It also informed them that if the plaintiff participated in the removal of the wheel against the protest and direction of the party authorized by the defendant to superintend the removal of it he could not maintain an action for the injury he received, as a consequence of his unauthorized interference. Other instructions relating to similar matters need not be specified herein. The excerpts from the charge constitute the first specification of error and must be considered in connection with the charge as a whole. So considered they furnish no just cause for complaint. The same may be said of the rulings complained of in the second and third specifications.

A liberal latitude was allowed to the jury in passing upon the questions involved and the result was in accord with the facts established by the testimony. We find no cause for reversing the judgment.

Judgment affirmed.